Gabrielli, J. (concurring).
I am in agreement with the result reached by the majority that summary judgment should not, as a matter of law, be accorded the plaintiff. This result is easily reached, however, and can only, of course, be accomplished within the framework of the applicable provisions of section 4-407 of the Uniform Commercial Code which, in pertinent part, provides that “ [i]f a payor bank has paid an item over the stop payment order of the drawer or maker . * * * to prevent unjust enrichment * * * the payor bank shall be subrogated to the rights * * * of the drawer or maker against the payee ”. The statute is clear and unambiguous, and we emphasize that the meaning and intent of the principle of subrogation articulated in the section is not to be employed or interpreted in its restrictive, common-law sense. To so limit it, of course, would destroy the very purpose of promoting that which was designed by the statute, for if so narrowly circumscribed, the “ unjust enrichment ” sought to be prevented would fail of accomplishment. In light of the factual background as articulated by the majority and the allegations in the pleadings and affidavits forming the basis of the motion for summary judgment, a trial of the issues is required.
Judges Jasen, Jones and Rabin concur with Judge Wachtler; Judge Gabrielli concurs in a separate opinion in which Chief Judge Breitel concurs; Judge Stevens taking no part.
Order reversed, with costs, and plaintiff’s motion for summary judgment denied.